**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50070 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-00659-PA-1 |
| v. | |
| EDGAR EDUARDO TOLEDO-REYES, AKA Edgar Torlado-Reyes, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted February 7, 2013

Pasadena, California

Before: PREGERSON, W. FLETCHER, and NGUYEN, Circuit Judges.

Appellant Toledo-Reyes appeals his sentence for violation of 8 U.S.C. §

1327.  We have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291

and we affirm.  We review "the district court's application of the Sentencing

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Guidelines to the facts of this case for abuse of discretion, and the district court's factual findings for clear error." *United States v. Kimbrew*, 406 F.3d 1149, 1151 (9th Cir. 2005) (internal citation omitted). We review the district court's evaluation of the reliability of evidence used at sentencing for abuse of discretion. *United States v. Berry*, 258 F.3d 971, 976 (9th Cir. 2001).

The district court did not abuse its discretion in finding the evidence presented was sufficiently reliable to support application of a two-level sentence enhancement for causing bodily injury, U.S.S.G. § 2L1.1(b)(7)(A), and a two-level sentence enhancement for intentional or reckless creation of a substantial risk of death or serious bodily injury, U.S.S.G. § 2L1.1(b)(6). The sentencing court may rely on hearsay statements and other evidence not permitted at trial. *United States v. Petty*, 982 F.2d 1365, 1367 (9th Cir. 1993). However, to avoid any due process violation, the evidence must contain minimal indicia of reliability. *Id.* at 1369. The sentencing court relied on the following: the hearsay statements of four smuggled aliens, the medical treatment of three witness-participants, and the observations of the arresting border patrol officers. Here, the smuggled aliens' statements corroborate each other and are consistent with the medical evidence and the observations of the border patrol officers. *Berry*, 258 F.3d at 976-77.

Given the reliability of the evidence, there was sufficient evidence to sustain the enhancements. At sentencing, a defendant is responsible for "all harm that resulted from" all "reasonably foreseeable acts and omissions of others in furtherance of [a] jointly undertaken criminal activity[] that occurred during the commission of the offense of conviction. . . ." U.S.S.G. § 1B1.3(a)(1)(B), (a)(3); *see also United States v. Miguel*, 368 F.3d 1150, 1155-56 (9th Cir. 2004). Because three passengers were injured during the commission of the offense of conviction, the district court did not abuse its discretion in applying the two-level enhancement pursuant to U.S.S.G. § 2L1.1(b)(7)(A).

The boat traveled from Mexico to the United States at night over rough seas, which alone caused the injuries of one passenger. There were insufficient life vests, and the passenger without a life vest stated that she was afraid she would drown when the boat capsized. Moreover, the boat actually capsized when it neared the shore, and at least one passenger was trapped temporarily underneath it, fearing for his life. We hold that the district court did not abuse its discretion in applying a two-level enhancement pursuant to U.S.S.G. § 2L1.1(b)(6). *See also United States v. Hernandez-Guardado*, 228 F.3d 1017, 1027-28 (9th Cir. 2000).

**AFFIRMED.**

3